IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLOTTE KAMINSKY,

    Plaintiff,                               11cv1069
                                         **ELECTRONICALLY FILED**

    v.

ADECCO, USA, INC. trading and d/b/a
ADECCO EMPLOYMENT SERVICES, INC.,

    Defendant.


**MEMORANDUM OPINON RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 59)**

**I. Introduction**

Currently before the Court is Defendant Adecco, USA, Inc.'s ("Adecco's" or "Defendant's") Motion for Summary Judgment (Doc. No. 59). The parties dispute centers around Adecco's handling of the alleged sexual harassment of Plaintiff Charlotte Kaminsky. After careful consideration of the Motion for Summary Judgment (Doc. No. 59), Brief in Support (Doc. No. 60), and Plaintiff's Response in Opposition (Doc. No. 79), Defendant's Motion for Summary Judgment (Doc. No. 59) will be DENIED.

**II. Factual Background**

Viewed in the light most favorable to Plaintiff, and solely for the purposes of this Memorandum Opinion, the facts of the case are as follows. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Adecco hired Plaintiff in or about August 2003 and placed her in a job at Bayer. Doc. No. 74, ¶ 2. Plaintiff signed a document stating that she had received a copy of

Defendant's employee handbook, but never received a copy of the handbook. Id., ¶ 3. Plaintiff signed a document stating she received Defendant's sexual harassment policy, but never actually received a copy of the policy. Id., ¶ 4. Plaintiff signed a document stating that Defendant did not tolerate any type of harassment or discrimination. Id., ¶ 5. Plaintiff was aware that she could not send personal e-mails from her work computer. Id., ¶ 6.

Plaintiff was only harassed by Sam Accorsi, Eugene Brookins, and Shawn Mundis. Id., ¶ 13. Mr. Brookins was a non-supervisory co-worker of Plaintiff who was placed at Bayer by Adecco. Id., ¶¶ 14-16. Plaintiff only told Defendant about most, not all, of the harassment she was subject to. Id., ¶¶ 22-23. Brookins participated in the harassment and this was known by Defendant. Id., ¶ 17 Plaintiff made a complaint about the harassment in August 2007 and was not laid off later that same month when other employees were laid off. Id., ¶ 20. Defendant's representative met with Brookins after one incident and advised him of the sexual harassment policy. Doc. No. 61, ¶ 19. Adecco fired Brookings in January 2008 after Plaintiff's counsel sent a letter to Defendant. Doc. No. 74, ¶ 21. Plaintiff's work performance was not criticized until after her counsel sent a letter to Defendant. Id., ¶ 31. Plaintiff was terminated from her position for allegedly sending personal e-mails. Id., ¶ 42. She disputes having ever sent the e-mails. Id.

**III. Standard of Review**

Summary Judgment is appropriate when it is apparent from the entire record, viewed in the light most favorable to the non-moving party, that there are no genuine issues of material fact. *Celotex*, 477 U.S. at 322-24. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. Therefore, summary judgment is required against a party who fails to make a sufficient showing to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322.   The summary judgment inquiry asks whether there is a need for trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**IV. Discussion**

    **A.   There is a Question of Material Fact Regarding Plaintiff's Alleged E-mails**

Defendant argues that Plaintiff sent inappropriate e-mails from her work account and that Plaintiff's employment was terminated immediately upon the discovery of these e-mails. However, Plaintiff disputes having sent the e-mails in question.   Plaintiff has proffered an expert report in support of her theory that the e-mails in question were doctored to either change the sender, the content of the e-mails, or both.   Doc. No. 58-3.   Whether Plaintiff sent the e-mails is a question of material fact that should be left up to the jury, and is not a question that should be resolved during the summary judgment phase.   Thus, Defendant must prove it is entitled to summary judgment without Plaintiff's alleged e-mails as a legitimate business reason for her termination.

    **B.   Plaintiff has Satisfied her *Prima Facie* Case for Retaliation**

To prove her prima facie case for retaliation, Plaintiff must show: (1) she engaged in protected activity; (2) Adecco took an adverse employment action after or contemporaneous with the Plaintiff's protected activity; and (3) a causal link exists between her protected activity and Adecco's adverse action.   *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000). Defendant argues that Plaintiff has failed to prove a causal link between Plaintiff's protected

action and the adverse employment action.  Most of this argument relies upon Plaintiff's alleged e-mails, which has been addressed *supra*.  To the extent Defendant still argues that Plaintiff has failed to prove a *prima facie* case, the Court disagrees.  Defendant relies upon *Farrell* for the proposition that the timing alone is insufficient to prove causation.  However, as *Farrell* stated, other acts of antagonism, when taken together with the temporal proximity of the protected action and the adverse employment action, is enough to survive a motion for summary judgment.  *Id*. at 280.  In this case, Plaintiff's averment that her workload increased after her protected activity, when taken in combination with the temporal proximity of the events and the alleged doctoring of e-mails satisfies her *prima facie* case for retaliation.

### C. Plaintiff has Satisfied her *Prima Facie* Case for Hostile Work Environment

In order to prove her *prima facie* case for hostile work environment, Plaintiff must show: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected Plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability.  *Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293 (3d Cir.1999). Defendant argues that Plaintiff cannot show the existence of *respondeat superior* liability. "[E]mployer liability for co-worker harassment [, which is the only form of harassment at issue in this case,] exists only if the employer failed to provide a reasonable avenue for complaint or, alternatively, if the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action." *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009).

Plaintiff avers that despite signing documents stating that she received a copy of the sexual harassment policy and employee handbook, she never received such documents.  Thus, she

4

argues that Defendant did not provide a reasonable avenue for complaints.   This is a question of material fact which should be determined at trial, not at the summary judgment phase.

Furthermore, Plaintiff's Complaint avers that Defendant knew, or should have known, of the harassment and failed to take prompt and appropriate remedial action.   Defendant argues that its response to the voicemail that was left for Plaintiff was prompt and appropriate.   "[W]hether a chosen remedy was reasonably calculated to prevent further acts of harassment can be answered at the time that remedy is put into place."   *Neely v. McDonald's Corp.*, 340 F.App'x 83 (3d Cir.2009).

Defendant attempts to argue that it could not substantiate the claim while also arguing that the complaint of the sexual harassment came from a third party.   Doc. No. 60, 12-13.   Assuming, the alleged sexual harassment was in fact made known to Defendant by a third party, *Neely*, which Defendant relies upon for the proposition that its action was prompt and appropriate, is distinguishable. In *Neely*, the plaintiff filed the complaint and it could not be substantiated.   *Id*.  In the case at bar, Plaintiff did not file the complaint, rather it was filed by a third-party, showing some substantiation.

Plaintiff argues that Defendant should have immediately removed the offender and/or reassigned Plaintiff after the voicemail incident.   The Court finds that there is a question of material fact as to whether the actions taken by Defendant were reasonably calculated to prevent further acts of harassment.   Thus, Plaintiff has met her burden of proving a *prima facie* case for a hostile work environment claim.

## V. Conclusion

In sum, considering the facts in the light most favorable to Plaintiff, Defendant is not entitled to summary judgment because there are numerous issues of material fact that cannot be resolved at the summary judgment phase. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 59) will be DENIED. An appropriate Order follows.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   All counsel of record